JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3412 PA (PLAx) | Date | May 15, 2013 |
|---|---|---|---|
| Title | Bank of New York Mellon, et al. v. Diana Moussaoui | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Diana Moussaoui ("Defendant") on May 13, 2013.  Plaintiff The Bank of New York Mellon fka The Bank of New York, as trustee for the Certificateholders of the CWALT, Inc. Alternative Loan Trust 2006-OA9 Mortgage Pass-Through Certificates, Series 2006-OA9 ("Plaintiff") filed its Complaint in Los Angeles County Superior Court asserting a single cause of action for unlawful detainer.  Defendant asserts that this Court has subject matter jurisdiction on the basis the Court's federal question jurisdiction, 28 U.S.C. § 1331.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  Thus, plaintiff is generally the "master of the claim."  Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  There is no federal question jurisdiction simply because there is a federal defense to the claim.  Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3412 PA (PLAx) | Date | May 15, 2013 |
|---|---|---|---|
| Title | Bank of New York Mellon, et al. v. Diana Moussaoui | | |

    Here, the Complaint contains a single cause of action for unlawful detainer. No federal claim is alleged. Defendant's Notice of Removal alleges that "[f]ederal jurisdiction exists because Defendants' demurrer, a pleading depend[s] on the determination of Defendants' rights and Plaintiff's duties under federal law." This allegation does not constitute a basis for removal. Neither a federal defense nor an actual or anticipated federal counterclaim form a basis for removal. Vaden v. Discover Bank, __ U.S. __, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009). Therefore, Defendant has failed to show that federal question jurisdiction exists.

    For the foregoing reasons, Defendant has failed to meet her burden of showing that federal subject matter jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction and the removal was procedurally improper, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 12H02865. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.